Raed Gonzalez, Esq.
GONZALEZ OLIVIERI, LLC
2200 Southwest Freeway, Suite 550
Houston, Texas 77098
Tel: 713-481-3040
Fax: 713-588-8683
*Counsel of Record for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| Walter Raul Hernandez,<br><br>    *Plaintiff*,<br><br>              v.<br><br>Kevin McAleenan, Acting Secretary of the U.S. Department of Homeland Security; Kenneth T. Cuccinelli, Acting Director of the U.S. Citizenship and Immigration Services; Wallace L. Carroll, Houston Field Office Director of the U.S. Citizenship and Immigration Services,<br><br>    *Defendants*. | Case No. 4:19-cv-2886<br><br><br>Date: August 5, 2019 |

## PLAINTIFF'S COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

This is a complaint for relief under the Administrative Procedure Act ("APA"). The Plaintiff, Walter Raul Hernandez, files the instant complaint against Defendants because the U.S. Citizenship and Immigration Services ("USCIS"), a federal agency within the Department of Homeland Security ("DHS"), violated the APA when it administratively closed Plaintiff's I-485, Application to Register Permanent Residence or Adjust Status ("I-485 Application"), based on lack of jurisdiction. *See* Exhibit 1—Notice of Administrative Closure. More specifically, the USCIS, in determining that Plaintiff was an alien in removal proceedings and not an "arriving alien" with a final, executed order of removal, acted arbitrarily, capriciously, and erred as a matter of law. *Id.*

Plaintiff seeks *de novo* review of the USCIS's final agency decision; seeks a declaratory judgement that the USCIS has jurisdiction to adjudicate his I-485 Application and that it acted arbitrarily, capriciously, and not in accordance with the law when it administratively closed said I-485 Application; and seeks relief under the APA to compel the USCIS to recalendar and to adjudicate his I-485 Application on the merits.

The instant action is being filed against the following Defendants: Kevin McAleenan, in his official capacity as the Acting Secretary of the DHS; Kevin T. Cuccinelli, in his official capacity as the Acting Director of the USCIS; and Wallace

L. Carroll, in his official capacity as the Houston Field Office Director of the USCIS.

## I. INTRODUCTION

1. As per the USCIS's own Policy Memorandum and Policy Manual, the Code of Federal Regulations ("C.F.R."), and decisions of the Board of Immigration Appeals ("BIA"), the USCIS retains sole and exclusive jurisdiction to adjudicate adjustment of status applications filed by an "arriving alien," such as Plaintiff. *See* Exhibit 2—USCIS Policy Memorandum; USCIS Policy Manual, Vol. 7, Part A, Ch. 3, Sec. D; 8 C.F.R. §§ 245.2, 1245.2; *Matter of Yauri*, 25 I&N Dec. 103, 106-07 (BIA 2009).

2. The findings of the USCIS that it lacked jurisdiction over Plaintiff's I-485 Application, despite the fact that Plaintiff is an "arriving alien," with a final, executed order of removal, runs contrary to its own policy, the USCIS's previous actions in adjudicating similar adjustment of status applications, the federal regulations, and BIA case law. As such, its decision is one that is arbitrary, capricious, an abuse of discretion, and not in accordance with the law. Relief under the APA is thereby the proper remedy.

3. Plaintiff seeks an order declaring that the final agency decision by the USCIS to administratively close Plaintiff's I-485 Application, on the grounds that it lacked jurisdiction, was arbitrary and capricious, an abuse of discretion, and otherwise not in accordance with the law.

4. Additionally, Plaintiff seeks an order from this Court compelling the USCIS to recalendar and adjudicate his I-485 Application on the merits.

5. Plaintiff has exhausted his remedies in this case and is not required to do anything further. The USCIS decision explicitly states that there is no appeal from its decision to administratively close Plaintiff's I-485 Application. *See* Exhibit 1, *supra*. It is thus considered a "final" agency action subject to judicial review by this Court for which there can be no judicially-imposed exhaustion requirement. *Darby v. Cisneros*, 509 U.S. 137, 147 (1993); *see also* 5 U.S.C. § 704.

## II.  JURISDICTION AND VENUE

6. This action arises under the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1101 *et seq.*, and the APA, 5 U.S.C. §§ 701 *et seq*. Because this action arises under the federal laws of the United States, subject-matter jurisdiction is proper under 8 U.S.C. § 1331.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (e) because all relevant actions, including the submission and administrative closure of Plaintiff's I-485 Application, occurred in the USCIS's field office in Houston, Texas.

## III.  PARTIES

8. Plaintiff, Walter Raul Hernandez, is a resident of Houston, Texas.

9. Defendant, Kevin McAleenan, is the Acting Secretary of the DHS. He is sued in his official capacity. He may be served at 245 Murray Lane, SW, Mail Stop 0485, Washington, D.C. 20528.

10. Defendant, Kenneth T. Cuccinelli, is the Director of the USCIS. He is sued in his official capacity. He may be served at 245 Murray Lane, SW, Mail Stop 0485, Washington, DC 20528.

11. Defendant, Wallace L. Carroll, is the USCIS Houston Field Office Director. He is sued in his official capacity. He may be served at 810 Gears Road, Suite 100, Houston, Texas 77067.

## IV. STATUTORY AND REGULATORY BACKGROUND

12. Under 8 U.S.C. § 1255(a), an alien may adjust his or her status to that of a lawful permanent resident provided that: (1) the alien was inspected and admitted or paroled into the U.S.; (2) the alien makes such an application for adjustment of status; (3) the alien is eligible to receive an immigrant visa; (4) the alien is admissible to the U.S.; and (5) a visa is immediately available to him or her when the adjustment of status application is filed.

13. The USCIS has the jurisdiction to adjudicate an I-485 Application unless the immigration judge has jurisdiction. 8 C.F.R. § 1245.2(a)(1). 8 C.F.R. § 245.2(a)(1).

14. The immigration judge has exclusive jurisdiction to adjudicate any I-485

Applications if the alien is in removal or deportation proceedings (other than an "arriving alien"). 8 C.F.R. § 1245.2(a)(1).

15. An "arriving alien" is one who is "an applicant for admission coming or attempting to come into the United States at a port-of-entry, or an alien seeking transit through the United States at a port-of-entry, or an alien interdicted in international or United States waters and brought into the United States by any means, whether or not to a designated port-of-entry, and regardless of the means of transport." 8 C.F.R. § 1.2. "An arriving alien remains an arriving alien even if paroled pursuant to section 212(d)(5) of the Act." *Id.*

16. The immigration judge can only have jurisdiction over I-485 Applications filed by "arriving aliens" if: (1) the alien properly filed the application with the USCIS while the alien was in the U.S.; (2) the alien departed and returned to the U.S. pursuant to a grant of advance parole; (3) the application was denied by the USCIS; and (4) the DHS placed the alien in removal proceedings *after* the alien's return to the U.S. on advance parole or *after* the I-485 Application application was denied. 8 C.F.R. § 1245.2(a)(1)(ii).

17. If the USCIS administratively closes an I-485 Application on the grounds that it lacks jurisdiction to adjudicate it, the administrative closure would be considered the final agency action in the case. As such, no administrative

6

remedies would be left available to an applicant and the only option is to judicially assert a violation under the APA. *See* 5 U.S.C. §§ 702, 704.

18. "Agency action" is defined to include the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act. 5 U.S.C. § 551(13).

19. The reviewing court is authorized to compel action by an agency, and hold its actions unlawful and set aside agency action, findings, and conclusions found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706.

## V. FACTUAL BACKGROUND

20. Effective March 1, 2003, the DHS assumed responsibility for the functions of the agency formerly known as the "Immigration and Naturalization Service." The Secretary of DHS is now vested with "[a]ll authorities and functions of the Department of Homeland Security to administer and enforce the immigration laws." 8 C.F.R. § 2.1.

21. The USCIS is a bureau within the DHS and delegated supervisory authority over all operations by the Secretary of DHS. *Id.* The USCIS is responsible for accepting and adjudicating all I-485 Applications for adjustment of status, unless, as detailed above, jurisdiction lies with the immigration judge.

22. The USCIS Houston Field Office is an agency within the DHS and delegated

supervisory authority over all operations by the Secretary of DHS. *Id.* The USCIS Houston Field Office is the official with jurisdiction over the administrative closure of Plaintiff's I-485 Application.

23. Plaintiff is a native and citizen of El Salvador. *See* Exhibit 3—Parole Document. He was granted voluntary departure from the United States by an immigration judge on April 4, 1997. He did not depart within the prescribed voluntary departure period and so, his voluntary departure grant converted to a final order of removal. *See* 8 C.F.R. § 1240.26(d).

24. On September 23, 2017, Plaintiff was paroled into the United States by the DHS pursuant to his grant of temporary protected status ("TPS"). *See* Exhibit 3, *supra*.

25. By virtue of being the beneficiary of an I-130 family visa petition filed on his behalf, Plaintiff filed his I-485 Application on October 31, 2017. *See* Exhibit 1, *supra*. However, instead of adjudicating Plaintiff's I-485 Application on the merits, the USCIS administratively closed it on the grounds that it lacked jurisdiction to adjudicate it. *Id.*

26. Specifically, the USCIS found that because Plaintif's removal proceedings have not been terminated, and because Plaintiff has TPS, he returned to the status of an alien with an outstanding order of deportation upon her return to the United States. *Id*. Accordingly, the Service found that Plaintiff was not an

8

"arriving alien," and thus, could not adjust his status with the USCIS. *Id.*

27. The Service's decision explicitly stated that there was no appeal from the administrative closure of Plaintiff's I-485 Application. *Id.* As such, there are no other forums or means available to Plaintiff to seek a remedy.

28. At this time, Plaintiff cannot file to reopen his proceedings with the immigration judge for the specific purpose of adjustment of status because he is an "arriving alien" and the immigration judge would lack jurisdiction over his I-485 Application.

29. Furthermore, Plaintiff has effectively executed his order of removal by traveling on an advanced parole, and so, there is nothing for the immigration judge to reopen. Plaintiff is thus filing the present action seeking relief under the APA with this Court.

## VI. CLAIMS FOR RELIEF

30. Plaintiff incorporates by reference the allegations in paragraphs 1-29.

31. Plaintiff contends that under the APA, the USCIS's administrative closure of his I-485 Application was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).

32. The U.S. Supreme Court has held that an agency's actions may be considered arbitrary, capricious, or an abuse of discretion if said actions inexplicably depart from the agency's own course of adjudication, regulations, or policies.

*See INS v. Yang*, 519 U.S. 26, 32 (1996) ("Though an agency's discretion is unfettered at the outset, if it announces and follows—by rule or by settled course of adjudication—a general policy by which its exercise of discretion will be governed, an irrational departure from that policy (as opposed to an avowed alteration of it) could constitute action that must be overturned as 'arbitrary, capricious, [or] an abuse of discretion.'").

33. In this case, the exhibits attached herein establish that the USCIS departed from its own settled course of adjudication in administratively closing Plaintiff's I-485 Application because it has, in the past, issued denials or grants on I-485 Applications for aliens who have traveled pursuant to a grant of advance parole and who have final removal orders. *See* Exhibits 4-8.

34. Exhibit 4 demonstrates that the alien was ordered deported, was granted TPS, traveled on advance parole pursuant to the grant of TPS, returned to the U.S., applied for adjustment of status, and was granted such status.

35. Exhibit 5 evidences that the alien's I-485 Application was adjudicated and granted by the USCIS, after he traveled on advance parole, despite the alien being deported and entering the country illegally.

36. Exhibit 6 shows how the USCIS granted an I-485 Application and was accorded lawful permanent resident status after the individual traveled on advance parole despite the fact that the individual was previously ordered

deported.

37. Exhibit 7 establishes that the USCIS adjudicated the I-485 Application but denied it because the applicant failed to file the appropriate Form I-212 with the application. In its decision, the USCIS explicitly stated that it concurred the applicant was an "arriving alien" with an executed order of removal and that the USCIS had jurisdiction to adjudicate his I-485 Application. *Id.*

38. Similarly, in Plaintiff's Exhibit 8, the USCIS issued a decision denying the I-485 Application because the alien did not file a Form I-212. The USCIS contended that this form was needed because the alien executed his order of removal when he traveled on advance parole.

39. In Plaintiff's case, despite him being an "arriving alien" and executing his order of removal when he departed, the USCIS refused to adjudicate his I-485 Application on the merits. The USCIS has thus irrationally departed from its correct and settled course of adjudication. As such, it has acted arbitrarily, capriciously, and abused its discretion.

40. In addition, the USCIS's administrative closure of Plaintiff's I-485 Application is not in accordance with the law.

41. The applicable federal regulations and the BIA state that the USCIS has jurisdiction to adjudicate an I-485 Application filed by an "arriving alien." *See* 8 C.F.R. §§ 245.2(a)(1), 1245.2(a)(1); *Matter of Yauri*, 25 I&N Dec. at 106-

07 ("DHS has stated that it recognizes that the USCIS's jurisdiction over the adjustment application of an arriving alien exists regardless of whether there is an unexecuted removal order that remains outstanding against the alien…[m]oreover, we emphasize that the existence of a final order of removal does not preclude the USCIS from granting I-485 Application to an arriving alien who is otherwise eligible for I-485 Application.").

42. A an "[a]rriving alien [is] an applicant for admission coming or attempting to come into the United States at a port-of-entry." 8 C.F.R. § 1.2.

43. A person who is paroled into the United States would be considered an "arriving alien" because while they are allowed to enter, they are not considered admitted into the United States. *See* 8 U.S.C. §§ 1101(a)(13)(B) ("An alien who is paroled under section 1182(d)(5) of this title or permitted to land temporarily as an alien crewman shall not be considered to have been admitted."); *see also Matter of Oseiwusu*, 22 I&N Dec. 19 (BIA 1998) (holding that an alien who enters the United States with a grant of parole is an "arriving alien").

44. "An arriving alien remains an arriving alien even if paroled pursuant to [8 U.S.C. § 1182(d)(5)], and even after any such parole is terminated or revoked."). 8 C.F.R. § 1.2.

45. In this case, Plaintiff is an "arriving alien" because he traveled and then

returned to the U.S. at a port-of-entry as an applicant for admission pursuant to his grant of advance parole. *See* Exhibit 3, *supra*.

46. Inexplicably, the USCIS contended that even though Plaintiff traveled on advance parole, he is not an "arriving alien" because his removal proceedings have not been terminated and because Plaintiff returned to the status of an alien with a final order of removal upon his return. This conclusion is erroneous as a matter of law for several reasons.

47. First and foremost, Plaintiff does not have an unexecuted order of deportation, because said order was fully executed when he departed the country on advance parole. *See* 8 U.S.C. § 1101(g) ("…any alien ordered deported or removed (whether before or after the enactment of this chapter) who has left the United States, shall be considered to have been deported or removed in pursuance of law"); 8 C.F.R. § 1241.7 ("Any alien who has departed from the United States while an order of deportation or removal is outstanding shall be considered to have been deported, excluded and deported, or removed."); *Matter of Bulnes-Nolasco*, 25 I&N Dec. 57, 58 (BIA 2009) (affirming that an alien's departure from the United States while under an outstanding order of deportation has the effect of executing the deportation order and bringing finality to the deportation proceedings).

48. As noted in the attached exhibits, the USCIS even concedes that an alien who

departs on advance parole is considered to have executed his or her removal order. *See* Exhibits 7-8. Accordingly, any assertion by the USCIS stating that Plaintiff's order of removal remains unexecuted and that he is still in removal proceedings is legally and factually erroneous based on the Agency's own conclusions.

49. Second, the law clearly states that an alien who is paroled into the United States is an "arriving alien" and is not "admitted" into the country. *See* 8 U.S.C. § 1101(a)(13)(B) ("An alien who is paroled under section 1182(d)(5) of this title or permitted to land temporarily as an alien crewman shall not be considered to have been admitted."); *see also Matter of Oseiwusu*, 22 I&N Dec. 19 (BIA 1998) (holding that an alien who enters the United States with a grant of parole is an "arriving alien").

50. In this case, because Plaintiff was paroled into the United States, he was permitted to enter but was not "admitted" as that term is used in the immigration context. And because Plaintiff is an "arriving alien," only the USCIS has jurisdiction over his I-485 Application. USCIS's interpretation of the law is therefore entirely incorrect.

51. Finally, Plaintiff is not able to file his I-485 Application and seek adjustment of status to that of a lawful permanent resident before the immigration court.

52. The immigration judge only has jurisdiction over an "arriving alien's" I-485

14

Application if the alien: (1) properly filed the application with the USCIS while the alien was in the United States; (2) departed and returned to the United States pursuant to a grant of advance parole; (3) the application was denied by the USCIS; *and* (4) the DHS placed the alien in removal proceedings *after* the alien's return to the United States on advance parole or *after* the I-485 Application was denied. 8 C.F.R. § 1245.2(a)(1)(ii).

53. While Plaintiff meets the first two requirements, he fails the others because: he has not received a denial decision from the USCIS (only an administrative closure); and he was placed in removal proceedings *well before* he returned to the United States on advance parole and *before* he filed his I-485 Application. *See* Exhibits 1 and 3, *supra*. As such, the exception allowing the immigration judge to exercise jurisdiction over Plaintiff's I-485 Application is inapplicable. By finding otherwise, the USCIS erred as a matter of law.

54. In sum, given the law and evidence presented, Plaintiff maintains that judicial review under the APA is proper in this case because the USCIS has acted arbitrarily, capriciously, has abused its discretion, and has not acted in accordance with the law.

## VII. EXHAUSTION

55. Plaintiff incorporates by reference the allegations in paragraphs 1-54.

56. As noted above, Plaintiff is not required to exhaust his administrative

remedies with respect to the administrative closure of his I-485 Application because he is contesting a "final" agency action that is subject to judicial review under the APA.

57. The language of 5 U.S.C. § 704 states that an agency action is "final" without regard to whether an alien seeks reconsideration or appeal to a higher agency authority, *unless* there is a statute or regulation that requires the alien to file an appeal and the agency action is inoperative during the appeal.

58. In this case, just as in *Darby*, there is no statute or regulation requiring that Plaintiff exhaust his remedies prior to seeking judicial review under the APA. In fact, the USCIS decision in Plaintiff's matter clearly states that there is no appeal from its decision. *See* Exhibit 1, *supra*. Therefore, when the USCIS issued its decision to administratively close Plaintiff's I-485 Application, it was a "final" agency action for purposes of the APA. *See Darby*, 509 U.S. at 137. As such, there can be no judicially-imposed exhaustion requirement and judicial review is proper before this Court.

## VIII. CONCLUSION

59. For the aforementioned reasons, the decision to administratively close Plaintiff's I-485 Application was arbitrary, capricious, an abuse of discretion, and not in accordance with the law. Judicial review by this Court is therefore warranted under the APA.

## IX. PRAYER FOR RELIEF

60. Wherefore, Plaintiff respectfully requests that this Court:

   a. accept jurisdiction and venue as proper;

   b. issue a declaratory judgment that the administrative closure of Plaintiff's I-485 Application was arbitrary, capricious, an abuse of discretion, and not in accordance with the law;

   c. issue a declaratory judgment that the USCIS has jurisdiction to adjudicate Plaintiff's I-485 Application;

   d. issue an order under the APA to compel the USCIS to recalendar and adjudicate Plaintiff's I-485 Application;

   e. grant reasonable attorney's fees, expenses, and costs of court pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412; and

   f. grant Plaintiff all other relief as the Court may deem just and proper.

        Respectfully submitted,

        GONZALEZ OLIVIERI LLC

        *s/ Raed Gonzalez*
        _____

        Raed Gonzalez, Esq.
        Attorney for Plaintiff
        Texas Bar No. 24010063
        2200 Southwest Freeway, Suite 550
        Houston, TX 77098
        Phone: (713) 481-3040,
        Fax:   (713)588-8683
        rgonzalez@gonzalezolivierillc.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| Walter Raul Hernandez,<br><br>    *Plaintiff*,<br><br>    v.<br><br>Kevin McAleenan, Acting Secretary of the U.S. Department of Homeland Security; Kenneth T. Cuccinelli, Acting Director of the U.S. Citizenship and Immigration Services; Wallace L. Carroll, Houston Field Office Director of the U.S. Citizenship and Immigration Services,<br><br>    *Defendants*. | Case No. 4:19-cv-2886<br><br><br><br>Date: August 5, 2019 |

## INDEX OF EXHIBITS

Exhibit 1—Notice of Administrative Closure

Exhibit 2—USCIS Policy Memorandum

Exhibit 3—Parole Stamp

Exhibit 4—Adjustment of Status Decision 1

Exhibit 5—Adjustment of Status Decision 2

Exhibit 6—Adjustment of Status Decision 3

Exhibit 7—Adjustment of Status Decision 4

Exhibit 8—Adjustment of Status Decision 5